Sterling Rafael ROSEBORO, a/k/a
Baldy, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 11–6102.

United States Court of Appeals,
Fourth Circuit.

Submitted: April 21, 2011.

Decided: April 27, 2011.

Sterling Rafael Roseboro, Appellant pro se. Jennifer Lynn Dillon, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sterling Rafael Roseboro seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Roseboro has not made the requisite showing. Accordingly, we deny Roseboro's petition for a writ of mandamus, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*